IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Dominic Pelle, | Case No. 3:12 CV 95 |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| State of Ohio, et al., | |
| Defendants. | |

### INTRODUCTION

*Pro se* Plaintiff filed this action under 42 U.S.C. § 1983 against the State of Ohio and the Marion Correctional Institution (MCI). Plaintiff alleges he was denied medical care and now seeks monetary and injunctive relief.

### BACKGROUND

Plaintiff's Complaint states he is an inmate at MCI where he did not receive medical treatment after noticing severe swelling in his knee and leg in August 2009 (Doc. 1 at 1–2). According to Plaintiff, state correction officials denied him access to adequate treatment, failed or refused to take him to medical appointments, failed or refused to carry out treatment plans, and failed or refused to prescribe recommended medications. He contends the care he received did not conform with Ohio's medical standards and asserts claims for violations of his Fifth, Eighth, Ninth, and Fourteenth Amendment rights.

**STANDARD OF REVIEW**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it lacks an arguable basis in law or fact, or if it fails to state a claim upon which relief can be granted. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Sistrunk v. City of Strongsville,* 99 F.3d 194, 197 (6th Cir. 1996). Moreover, *in forma pauperis* claims may be dismissed *sua sponte* without notice or service of process if the court invokes Section 1915(e) and dismisses the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608–09 (6th Cir. 1997).

A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks plausibility in the complaint. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. While Plaintiff is not required to include detailed factual allegations, he must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *See Iqbal*, 129 S. Ct. at 1949. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* This Court must construe the Complaint in the light most favorable to Plaintiff. *See Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

## ANALYSIS

It is well-settled that the Eleventh Amendment proscribes suits in federal court against the State or any of its agencies or departments unless the State has given express consent, regardless of the relief sought. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Latham v. Office of Atty. Gen. of State of Ohio*, 395 F.3d 261, 270 (6th Cir. 2005). Congress did not abrogate state immunity under Section 1983, *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989), and Ohio has not waived immunity in federal court. *Johns v. Supreme Court of Ohio*, 753 F.2d 524 (6th Cir. 1985). Accordingly, Plaintiff's claim against Ohio is barred by the Eleventh Amendment. Similarly, the MCI, a facility owned and operated by the State of Ohio, is a state agency that is also immune from suit for damages under the Eleventh Amendment. *See, e.g.*, *Collins v. Ohio Dept. of Rehab. and Corr.*, 2007 WL 2769592, *2 (S.D. Ohio 2007) (finding Ohio correctional facilities are state agencies immune from suit); *Stayner v. Ohio Dept. of Rehab. and Corr.*, 2010 WL 2620586, *5 (S.D. Ohio 2010) (same).

Even if Plaintiff's action was not barred by sovereign immunity, dismissal would be required for two additional reasons. First, the Complaint does not meet the basic pleading requirements under Federal Civil Rule 8 as construed in *Twomby* and *Iqbal*. His claims for violations of the Fifth, Ninth and Fourteenth Amendments are stated entirely as legal conclusions, which Plaintiff may not do. *See Iqbal*, 129 S. Ct. at 1949. Indeed, the Complaint is barren of factual allegations that suggest how these Defendants -- or anyone they employ -- violated Plaintiff's constitutional rights.

While Plaintiff includes some facts to support a cause of action under the Eighth Amendment, his allegations "have not nudged [his] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. Specifically, Plaintiff fails to allege facts suggesting a

3

sufficiently serious deprivation occurred, or that Defendants were deliberately indifferent to his serous medical needs. *See Blackmore v. Kalamazoo County*, 390 F.3d 890, 895 (6th Cir. 2004) (holding an Eighth Amendment violation requires the existence of a "sufficiently serious" medical need and a showing of deliberate indifference).

Second, the Complaint is untimely. The Sixth Circuit clarified that the appropriate statute of limitations for Section 1983 actions in Ohio is two years. *See LRL Props. v. Portage Metro Hous. Auth.*, 55 F. 3d 1097, 1105 (6th Cir. 1995) (citing *Browning v. Pendleton*, 869 F.2d 989, 990 (6th Cir. 1989) (en banc)). Here, Plaintiff's allegations stem from knee and leg swelling in August 2009, but this action was not filed until January 2012 -- well beyond the expiration of the limitations period.

## CONCLUSION

For the foregoing reasons, this action is dismissed pursuant to Section 1915(e). Furthermore, under Section 1915(a)(3), this Court certifies an appeal could not be taken in good faith.

IT IS SO ORDERED

    s/ *Jack Zouhary*
    JACK ZOUHARY
    U. S. DISTRICT JUDGE

April 10, 2012